IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MALCOLM GANTZ, :
:
    Plaintiff :
:
    v. : CIVIL NO. 4:CV-14-1687
:
I. UNCLES, ET AL., : (Judge Brann)
:
    Defendants :

## **MEMORANDUM**

October 7, 2014

**Background**

    Malcolm Gantz, an inmate presently confined at the State Correctional Institution, Albion, Pennsylvania (SCI-Albion), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Accompanying the Complaint is an in forma pauperis application.[1] Service of the Complaint has not yet been ordered.

    Named as Defendants are Chief Grievance Officer Dorina Varner and Health Care Services Director John/Jane Doe of the Pennsylvania Department of

---

[1] Gantz completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

Corrections (DOC) as well as the following officials at Plaintiff's prior place of confinement, the State Correctional Institution, Houtzdale, Pennsylvania (SCI-Houtzdale): Superintendent Steve Glunt; Health Care Administrator Debra Younkin; Nurse Supervisor Pearson; Doctor Augra; and Correctional Officers Uncles and Price.  Plaintiff states that he was incarcerated at SCI Fayette during all events described in this complaint.  See Doc. 1, p. 6, ¶ 3.  His Complaint alleges that Defendants subjected him to excessive force, issued him a meritless misconduct charge, and provided him with inadequate medical care.  As relief, Gantz seeks compensatory and punitive damages as well as declaratory and injunctive relief.

**Discussion**

28 U.S.C. § 1391(b) provides that a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which a defendant is subject to the court's personal jurisdiction with respect to such action. brought.  Since DOC Chief Grievance

Officer Varner's office is located within the confines of the Middle District of Pennsylvania, the Complaint may be properly brought in this district.

However, it is equally well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960), recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

As noted above, Gantz acknowledges that the events giving rise to the filing of this action all occurred at SCI-Houtzdale. With the exception of DOC Chief Grievance Officer Varner and perhaps DOC Health Care Services Director John/Jane Doe, the Defendants are also located at SCI-Houtzdale which is located within both Clearfield County, Pennsylvania and the confines of the United States District Court for the Western District of Pennsylvania.[2] See 28 U.S.C. § 118(c).

Based on the location of most of the named Defendants, the nature of Plaintiff's allegations, and the fact that Gantz is still confined within the Western District of Pennsylvania, it is apparent that the convenience of the parties and the

---

[2] Gantz is presently confined at SCI-Albion which is also located within the confines of the Western District of Pennsylvania.

interests of justice would be best served by transferring this matter to the judicial district wherein the Plaintiff is incarcerated and the underlying events transpired.

Since the Western District of Pennsylvania is a more convenient forum, this matter will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).   An appropriate Order will enter.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge